**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| First Solar Incorporated, et al., | No. CV-15-00702-PHX-NVW |
| Plaintiffs, | **ORDER** |
| v. | |
| JB Hunt Transport Incorporated, et al., | |
| Defendants. | |

Before the court is Plaintiffs' Motion to Remand (Doc. 22). Plaintiffs initially sued Defendant JB Hunt Transport, Inc. ("Hunt"), and several other parties in Maricopa County Superior Court on December 9, 2014, seeking damages for breach of contract, bailment, negligence, and negligence per se. (Doc. 1 at 7, 10-13.) According to the state court complaint, Plaintiffs hired Hunt to ship electrical equipment known as an inverter from Dateland, Arizona, to Phoenix. (*Id.* at 9.) The inverter was allegedly damaged on December 9, 2013, when the truck that was carrying it attempted to drive under an overpass that was too low to clear the inverter. (*Id.* at 9-10.) On April 17, 2015, Hunt filed a Notice of Removal, asserting this court had subject matter jurisdiction under a federal law known as the Carmack Amendment to the Interstate Commerce Act, which regulates interstate carriers and freight brokers. (*Id.* at 2; *see* 49 U.S.C. § 14706.)

As relevant to Plaintiffs' Motion, the Carmack Amendment applies only to the transportation of goods "between a place in— (A) a State and a place in another State" or "(B) a State and another place in the same State through another State." 49 U.S.C.

§§ 13501, 14706; *see also Farrah v. Monterey Transfer & Storage, Inc.*, 555 F. Supp. 2d 1066, 1068 (N.D. Cal. 2008) ("Whether transportation is interstate or intrastate under the Interstate Commerce Act is determined by the essential character of the commerce, manifested by the shipper's fixed and persisting transportation intent at the time of the shipment, and is ascertained from all of the facts and circumstances surrounding the transportation. When goods are shipped entirely within a state, the Interstate Commerce Act does not apply." (citation and internal quotation marks omitted)). Plaintiffs therefore move to remand on the grounds that the shipment in this case was intended to, and did, occur entirely within the state of Arizona. They also request costs and attorneys' fees under 28 U.S.C. § 1447(c), which provides, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

Hunt does not object to the remand request, but it maintains attorneys' fees are not appropriate. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). In deciding whether an objectively reasonable basis exists, courts may ask "whether the relevant case law clearly foreclosed the defendant's basis of removal." *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008). Here, there was no objectively reasonable basis for removal. The bill of lading for Plaintiffs' delivery clearly indicates that the shipment was to begin and end in Arizona. (Doc. 28-1 at 2.) Hunt has not produced any evidence that the trailer carrying the inverter passed through a different state on its way from Dateland to Phoenix. Under clearly established law, federal subject matter jurisdiction therefore did not exist.

Instead, Hunt asserts it had a reasonable basis for removal merely because it is a federally licensed freight broker and because the bill of lading—apparently a form contract used in many transactions—contains the following disclaimer near the bottom:

- 2 -

1  "Liability limitation for loss or damage in this shipment may be applicable. See 49 USC
2  § 14706(c)(1)(A) and (B)." (*Id.*) The cited provisions discuss a carrier's ability to limit
3  its liability for certain shipments governed by the Carmack Amendment. 49 U.S.C.
4  § 14706(c)(1). As explained above, the mere fact that an entity is licensed to carry goods
5  between states does not necessarily bring all its activity within the Carmack Amendment;
6  a particular shipment must actually be interstate for that Amendment to apply. And the
7  fine print on the bill of lading does not change the fact that, in this case, Hunt well knew
8  that its transportation of the inverter was entirely intrastate.

9  Hunt also opposes fees because it says Plaintiffs did not request a stipulation to
10 remand before filing their Motion. "Had they done so," Hunt claims, "[Hunt] would have
11 agreed and the Motion to Remand would have become moot." (Doc. 28 at 2.) It was
12 reasonable for Plaintiff to present the analysis and authorities against removal. Plaintiff
13 was entitled to assume Defendant had been diligent and serious about removal to the
14 court and that authorities would be necessary.

15 IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand (Doc. 22) is
16 granted. The Clerk shall remand this case to the Superior Court for Maricopa County.

17 IT IS FURTHER ORDERED that Plaintiffs may claim costs and attorneys' fees
18 pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule LRCiv 54.2.

19 Dated this 22nd day of June, 2015.

Neil V. Wake
United States District Judge